UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOGO OLIVEIRA BATISTA,<br><br>    Petitioner,<br><br>v.<br><br>PATRICIA HYDE, et al.,<br><br>    Respondents. | Civil Action No.<br>26-10195-FDS |

MEMORANDUM AND ORDER ON PETITION
FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a non-citizen pending removal proceedings.[1] Petitioner Diogo Oliveira Batista is a citizen of Brazil who entered the United States without being admitted or paroled. On January 17, 2026, he was taken into ICE custody in Acton, Massachusetts. Petitioner contends that his continued detention

---

[1] The petition names Patricia Hyde, New England Field Office Director, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Kristi Noem, U.S. Secretary of Homeland Security; Pamela Bondi, Attorney General of the United States; and Donald Trump, President of the United States, as respondents. It alleges that petitioner is held in ICE custody in Massachusetts and that "[o]ne or more of the respondents is Petitioner's immediate custodian." (Dkt. No. 1 ¶¶ 4, 23). The government has not moved to dismiss any of the respondents.

The Court notes that "the person who has custody over [the petitioner]" is the only proper respondent. 28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). Todd Lyons, Kristi Noem, Pamela Bondi, and Donald Trump are national officials and have no direct supervision over ICE detainees in Massachusetts. The Court will therefore dismiss the claims against those respondents.

without a bond hearing violates 8 U.S.C. § 1226(a) and his Fifth Amendment rights. He seeks immediate release or, in the alternative, a constitutionally adequate bond hearing.

## I.  Background

Diogo Oliveira Batista, a native and citizen of Brazil, entered the United States without being admitted or paroled. (Dkt. No. 1 ¶¶ 2, 5). He now lives in Massachusetts. (*Id.* ¶ 1).

ICE took Oliveira Batista into custody on January 17, 2026, in Acton, Massachusetts. (*Id.* ¶ 3). Petitioner alleges that he is being detained pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b). (*Id.* ¶¶ 14-15). He further contends that he has not been convicted of any crime that would mandate detention under 8 U.S.C. § 1226(c). (*Id.* ¶ 10).

On January 17, 2026, Oliveira Batista filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1). On January 20, 2026, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court. (Dkt. No. 6, at 2). Respondents were further ordered to address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), petitioner here was entitled to the same relief. (*Id.* at 1).

On January 26, 2026, respondents answered the petition. They concede that "the legal issues presented in this Petition are similar to these recently addressed by this Court in *Dume Rivera*" and "[s]hould the Court follow its reasoning in [that case], it would reach the same result here." (Dkt. No. 8, at 1-2).[2]

---

[2] In a footnote, respondents further contend that petitioner appears to be a member of the class certified in *Guerrero Orellana v. Moniz*, 2025 WL 3687757, *10 (D. Mass. Dec. 19, 2025). (Dkt. No. 8, at 2 n.2). They ask the Court to dismiss the petition because petitioner is limited to "one bite at the litigation apple" under the doctrine of *res judicata* and claim splitting. (*Id.* (quoting *Ashbourne v. Hansberry*, 894 F.3d 298, 302 (D.C. Cir. 2018))). It is unclear what precise effect the declaratory judgment in that case has on this action. But the Court need not resolve that question for these purposes because it independently determines that petitioner's detention violates the INA.

**II.     Analysis**

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of many other courts across the country, *see Rodriguez v. Bostock*, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases), non-citizens who initially entered the United States without inspection but have resided in the country for a substantial period of time are subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b).  Because petitioner has already entered and resides in the United States, he is not an "applicant seeking admission" under § 1225, and his detention under that provision is therefore "in violation of the . . . laws . . . of the United States."  28 U.S.C. § 2241(c)(3).

Because petitioner can be held, if at all, only under § 1226(a), he is entitled to a hearing at which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk."  *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that federal regulation requires that § 1226(a) detainees "receive bond hearings at the outset of detention" (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).  Therefore, and because respondents have not offered another authority for petitioner's detention, the Court will grant the petition and order respondents to promptly provide petitioner with an individualized bond hearing pursuant to *Hernandez-Lara v. Lyons*.

Furthermore, the government concedes that the issues in this case are similar to those addressed in *Dume Rivera v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025).  In that case,

the Court found that the continued detention of § 1226(a) detainees who had been granted bond under an automatic stay regulation, 8 C.F.R. § 1003.19(i)(2), violated their procedural due-process rights.  At this stage, petitioner is seeking a bond hearing.  Respondents have not, to the Court's knowledge, denied petitioner bond under the automatic stay regulation.  The Court will therefore address that issue if and when it arises.

### III.     Conclusion and Order

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED.  Respondent Patricia Hyde is hereby ORDERED to either release petitioner or provide him a bond hearing no later than February 6, 2026.  The claims against respondents Todd Lyons, Kristi Noem, Pamela Bondi, and Donald Trump are DISMISSED.

**So Ordered.**

Dated:  January 27, 2026

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Court Judge